[Civ. No. 4050.   Third Appellate District.—November 18, 1930.]

FRANCES M. WULFERDINGER, Respondent, v. PICK-WICK STAGES SYSTEM (a Corporation), Appellant.

Theodore Hale, Barry J. Colding, B. P. Gibbs and Carrol B. Crawford for Appellant.

Phillip R. McEnerney, Charles Reagh, Martin Pence and Thomas C. Anglim for Respondent.

MR. JUSTICE PRO TEM. SHIELDS DELIVERED THE OPINION OF THE COURT.—The plaintiff herein was a fellow-passenger with Robert O. Even, in an autostage, which in August, 1928, left the road and plunged over a cliff some forty feet into a creek-bed. Each was injured, and each brought an action to recover the damage they had respectively sustained. Each recovered a judgment from which in each instance an appeal was taken. In the case of *Even* v. *Pickwick Stages System, ante,* p. 636 [293 Pac. 700], a decision has this day been filed.

In the case now before us the trial was by a jury which rendered a verdict for the plaintiff for $12,500, general damages. The evidence upon the question of negligence was substantially identical with the evidence in the Even case. In this appeal from the judgment in the case now before us, the defendant makes little contention as to any failure of proof of negligence on its behalf. However, that question has been answered adversely to defendant in the case of *Even* v. *Pickwick Stages System,* above referred to. This leaves defendant's contention that the verdict is excessive, so excessive as to bear evidence that it was rendered under the influence of passion and prejudice as the sole question to be disposed of.

On behalf of plaintiff, evidence was given that at the time of the trial she was of the age of about thirty-three years, and up to the time of the accident was of sound health. As a result of the accident, in addition to apparently minor injuries, she received a cut over the left eye,

which severed all of the tissues down to the bone. This cut severed "the supra-orbital branch of the trigeminal nerve" and healed by the formation of scar tissue. Many painful symptoms followed and her physician testified that in his opinion she was suffering from "a trigeminal neuralgia". In treating this he had injected the nerve with alcohol, which brought relief for only a short time. He stated that the next step in treatment involved a capital operation. Plaintiff herself testified to many consequences of her injuries, which are summarized by appellant in its brief as follows: "That for the first time in her life she suffered after the accident from failing eyesight, insomnia, loss of weight, chronic headache, dizziness, nervousness, irritability, lack of energy, bad dreams, in place of 'occasional pleasant dreams' before the accident, generally poor health, lump on forehead occasionally, not able to wear a hat much of the time, no joy in living, unreasonable fears, afraid to stay at home even in the daytime, no energy, hysteria, uncontrollable laughter and tears, and soiling of bed linen."

Upon being asked a question involving these symptoms a medical expert testified that in his opinion plaintiff was "suffering from post-traumatic neurosis, plus concussion effects on and of the central nervous system". Asked as to the probable duration of this condition, the physician answered that it was indefinite, and that the prognosis was unfavorable.

The conclusion might reasonably be formed from this evidence, if believed, that this young woman had been grievously injured and her future life greatly burdened. The one alleged consequence of the accident, if true, that plaintiff had lost the power of controlling her bodily excretions, so that she soils her clothing with urine and feces, both day and night, and must constantly wear protective linen, would warrant a substantial verdict. The verdict of $12,500 in this case, based upon this evidence, which it was the province of the jury to weigh, and which they had a right to, and undoubtedly did believe, does not carry the suggestion of passion, prejudice or corruption, and the judgment rendered upon it is affirmed.

A petition for a rehearing of this cause was denied by the District Court of Appeal on December 18, 1930, and a

petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 12, 1931.